UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN (MILWAUKEE)
_____

Marybeth Nuutinen, Individually
and as Special Administrator of the
Estate of Charles H. Nuutinen, Deceased,

        Plaintiff,

        Case No.  98-CV-678
v.        (*PA-ED Case No. 09-CV-61333, Remanded*)

A.C. and S., Inc., *et al.*,

    Defendants.

_____

**DEFENDANT JOHN CRANE INC.'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**
_____

**INTRODUCTION**

Plaintiff/decedent Henry Kumferman was a one of many plaintiffs named in a long-ago-filed action for which severed and amended complaints were required, and in 2009 the severed and amended complaint was filed, naming many defendants as potentially responsible for plaintiff's condition allegedly due to exposure to asbestos.  In 2013 plaintiff was ordered to, by October 1, 2013, "identify each product that you contend caused or contributed to plaintiff's asbestos-related illness, and which defendants you contend [are] liable for injury arising from [the] product."  For each such defendant and product, plaintiff was also ordered to produce a variety of evidence by that October 1 date.  Plaintiff named only defendant CBS Corporation ("CBS"), and produced evidence only against CBS.  Indeed, at a deposition six weeks later, plaintiff's counsel indicated that there would be no

questioning regarding John Crane Inc. or the products it had manufactured. Nonetheless, John Crane Inc. and defendant Georgia-Pacific were named as potentially viable defendants in the remand order. Plaintiff stipulated to dismissal of Georgia-Pacific following remand, but has so far, without explanation, refused to voluntarily dismiss defendant John Crane Inc. Because plaintiff did not identify John Crane Inc. as a defendant plaintiff contended was responsible for decedent's injury, did not identify any John Crane inc. product, did not submit any evidence relating to John Crane Inc., and subsequently expressly stated that there would be no deposition examination of John Crane Inc. or products it may have manufactured, and plaintiff can thus not offer at trial evidence related to John Crane Inc., there is no reason to proceed with a trial against John Crane Inc.

## DISCUSSION

On September 17, 2013, plaintiff was ordered to "identify each product that you contend caused or contributed to plaintiff's asbestos-related illness, and which defendants you contend [are] liable for injury arising from [the] product." *See* Exhibit 1 to Jardine Declaration: Renewed Scheduling Order of 09/17/13, particularly the top of Exhibit B of that Order. On October 1, 2013, plaintiff served "Plaintiff's Response to Court-Ordered Discovery Requests." Jardine Decl., Exh. 2. In the Response, plaintiff named only CBS Corporation, and provided evidence only against CBS. *See id.*

At the time of a deposition of the sole fact witness referenced in plaintiff's Response, Gary Vohs, counsel for plaintiff (as well as counsel for CBS) stated, "I'm not going to ask the witness any questions about John Crane [Inc.] [and] I'm not going to ask any questions

about [valve] packing" (which is a type of product manufactured by defendant). Jardine Decl., Exh. 3: Excerpts from 11/15/13 Deposition of Gary Vohs.

In short, in response to a court ordered to identify potentially liable defendants, and produce evidence related to those defendants, plaintiff has neither identified John Crane Inc. nor offered any of the required evidence. Subsequent to remand, counsel for defendant has requested voluntary dismissal, but plaintiff's counsel has simply indicated that he wants wait until resolution of CBS's renewed motion for summary judgment. *See* Jardine Declaration. However, John Crane Inc. should no longer be a defendant in this case, regardless of the court's decision on CBS's motion.

The purpose of this motion is to avoid needless expense by either party, and to avoid time wasted by the court conducting further proceedings relating to John Crane Inc. if no claim against that entity can survive through trial. The underlying purpose of summary judgment procedure is also to avoid the burden and expense of a trial that would be wasted on baseless claims or phantom issues. *Office Supply Co. v. Basic/Four Corp.*, 538 F. Supp. 776 (E.D. Wis. 1982)(*citing* 10 Wright and Miller's Federal Practice and Procedure § 2739 at 715-716).

Because defendant is asking the court to dismiss plaintiff's claim for lack of evidence, a summary judgment standard should be applied. To survive summary judgment, a plaintiff must present admissible evidence tending to prove "specific facts showing that there is a genuine issue for trial" as to each essential element of his claim. *Celotex Corp. V. Catrett*, 477 U.S. 317, 323-24 (1986). Wisconsin substantive law must be applied because Plaintiff filed this case in the United States District Court for the Eastern District of Wisconsin,

alleging diversity jurisdiction. *See, e.g., Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001).

Under Wisconsin law, an asbestos plaintiff cannot survive summary judgment without, at a minimum, producing evidence that supports an inference that a defendant's product "had such an effect in producing the harm as to lead a reasonable person to regard it as a cause." *Zielinski v. A.P. Green Industries, Inc.*, 263 Wis. 2d 294, 305 (Ct. App. 2003).

Further, Local Rule 41(c) indicates that: "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice." Here, though it may certainly be said that plaintiff has diligently prosecuted an action against *CBS*, it has not attempted to prosecute any action against John Crane Inc. Specifically, plaintiff did not produce *any* evidence that decedent worked with or around any John Crane Inc. product, or even identify John Crane Inc. as a potentially liable defendant, following the court's order to do so.

## **CONCLUSION**

In this case, in response to court order, plaintiff has not identified John Crane Inc. as a potentially liable defendant, and produced no evidence against defendant, as also ordered by the court. Further, plaintiff's counsel previously stated that the lone fact witness would not even be asked questions about John Crane Inc. Quite frankly, plaintiff should have simply stipulated to dismissal of John Crane Inc. In that absence of such stipulation, one must ask, "What would be the purpose of allowing a claim against John Crane Inc. to go forward when plaintiff offers no evidence against that entity?" The answer, particularly from a position of judicial economy, of course, is "None."

- 4 -
Case 2:97-cv-00678-RTR   Filed 03/18/15   Page 4 of 5   Document 185

WHEREFORE, Defendant John Crane Inc. respectfully requests that the Court dismiss all claims against defendant John Crane Inc., pursuant to either FRCP 56 or Local Rule 41(c).

Dated this 18th day of March, 2015.

                        **JARDINE LAW OFFICE LLC**
                        Attorneys for Defendant John Crane Inc.

By:    s/ Daniel G. Jardine
        119 S. Main St.
        DeForest, WI 53532
        (608) 846-7230
        (608) 846-7232 (fax)

**Certificate of Service**

I hereby certify that on March 18, 2015, I electronically filed the foregoing, as well as the supporting Declaration of Daniel G. Jardine and its exhibits, with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I hereby certify that there are no non-ECF participants, and thus I have not mailed the documents to anyone.

                        /s/ Daniel G. Jardine