IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Marybeth Nuutinen, Individually and as special administrator of the Estate of Charles H. Nuutinen, Deceased,<br>　　　　　Plaintiff,<br><br>　v.<br><br>CBS Corporation, et al.,<br>　　　　　Defendants | E.D. WI (Milwaukee)<br><br>Case No. 97-CV-678 |

**Plaintiff's Objection to Dispositive Motion to Dismiss**

　　　Defendant John Crane Inc. filed a dispositive motion entitled "Defendant John Crane Inc.'s Notice of Motion and Motion for Dismissal of All Claims Against John Crane Inc." on March 18, 2015. The motion should be stricken as untimely.

　　　During proceedings in the asbestos MDL-875, a dispositive motion deadline and motion for summary judgment deadline were set by scheduling order. (Ex 1 at ¶7; Ex. 2 at 2.) The suggestion of remand order states the Court has "adjudicated all outstanding motions, including dispositive motions." (Ex 3 at ¶d.) The remand order states the case is "prepared for trial without delay . . . subject to any trial related motions in limine . . ." (Ex 3 at ¶f.) John Crane Inc. failed to file any motion to dismiss or motion for summary judgment in the MDL-875 Court.

　　　John Crane Inc.'s motion to dismiss is in conflict with the order of remand. In *Morris v. CBS Corporation*, No. 94-C-216 (E.D. Wis. July 28, 2013), this Court (Judge Randa) was asked to consider arguments that dispositive motions could be filed after remand from MDL-875. Judge Randa held dispositive motions could not be filed after remand. (Ex 4.) The court stated:

> The remaining defendant, CBS Corporation, argues that it should be allowed to conduct expert and fact discovery and to file case-dispositive motions in limine. However, the MDL court already denied CBS's motion to re-open discovery.

> Moreover, CBS was subject to a pre-trial scheduling order that directed the parties to file all potentially dispositive motions, including motions in limine that could have a case- dispositive effect, before the MDL court. As Magistrate Judge Crocker noted in a remanded case from the same MDL court, the "entire point of transferring this case to the MDL court was for 'consolidated and coordinated pretrial proceedings.' . . . [T]he purposes of this transfer or 'centralization' process are to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary." ECF No. 100-9, *Bushmaker v. Chesterton*, No. 09-cv-726-slc (W.D. Wis. Nov. 21, 2012), Order at 4 (citing MDL court's website, http://www.jpml.uscourts.gov/panel-info/overview-panel). Revisiting the MDL court's rulings or excusing a party's non-compliance with the MDL court's scheduling orders would undermine these goals.

(Ex 4 at 1-2.)

John Crane Inc.'s motion to dismiss is also untimely under the scheduling order in the MDL-875. Federal Rule of Civil Procedure 16 requires a showing of "good cause" to permit the changing of scheduling order deadlines. *Alioto v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2011). Defendant did not seek leave with Judge Robreno to modify the scheduling order to allow a motion to dismiss. Defendant also has not made a motion or provided good cause for this Court to change the scheduling order of another Judge. See *Alioto,* 651 F.3d at 719 (referencing the "heightened good cause standard of Rule 16(b)(4)").

Relief Sought

For the reasons above this court should strike John Crane Inc.'s dispositive motion as untimely and in conflict with the MDL-875 scheduling order.

Dated: April 8, 2015

*/s/ Robert G. McCoy*
Attorney for plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
bmccoy@cvlo.com
ecf.cvlo@gmail.com