UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN (MILWAUKEE)
_____

Marybeth Nuutinen, Individually
and as Special Administrator of the
Estate of Charles H. Nuutinen, Deceased,

        Plaintiff,

                              Case No. 97-CV-678
v.                        (*PA-ED Case No. 09-CV-61333, Remanded*)

A.C. and S., Inc., *et al.*,

    Defendants.

_____

**DEFENDANT JOHN CRANE INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR DISMISSAL**
_____

**INTRODUCTION**

In its initial brief, defendant John Crane Inc. pointed out that, in response to court orders, plaintiff a) has not even *identified* John Crane Inc. as a potentially liable defendant, and b) has not produced *any* evidence which might establish liability against defendant John Crane Inc. In response, plaintiff has not refuted either of those un-refutable points. Thus, it would appear that the inclusion of John Crane Inc. in the remand order is simply a mistake. Yet, plaintiff asks the court to strike defendant's Motion due to its timing. Since plaintiff does not have any evidence upon which to proceed against John Crane Inc., the purpose of opposing the motion can only be to impose needless expense upon a party against which plaintiff cannot recover. This, in itself, should be deemed improper. Moreover, the effect of plaintiff's attempt, if successful, would be to place an additional and needless burden upon

the court by having an additional set of counsel prepare for, appear at, and participate in a trial following which a directed verdict is a foregone conclusion. This certainly cannot be in the interest of judicial economy, and John Crane Inc. should be dismissed right now.

## DISCUSSION

To reiterate the points made in defendant's initial brief, this is not a case in which there are differing opinions regarding the significance of particular evidence upon which liability might be established against a party. Rather, here, plaintiff has not even *identified* John Crane Inc. as a potential defendant. More particularly, when asked to "identify each product that you contend caused or contributed to plaintiff's asbestos-related illness, and which defendants you contend [are] liable for injury arising from [the] product," plaintiff did not even make mention of John Crane Inc. *See* Exhibit 1 to Jardine Declaration: Renewed Scheduling Order of 09/17/13, particularly the top of Exhibit B of that Order. Further, upon serving "Plaintiff's Response to Court-Ordered Discovery Requests," plaintiff named only CBS Corporation—the only other remaining defendant—and provided evidence only against CBS. Jardine Decl., Exh. 2. Finally, plaintiff's counsel expressly stated to John Crane Inc's counsel that there would be no deposition questioning about John Crane Inc. or about valve packing, in general. Jardine Decl., Exh. 3 (excerpts from 11/15/13 Deposition of Gary Vohs). In short, it is simply beyond dispute that plaintiff has made no attempt to establish liability against John Crane Inc.

Plaintiff argues that this court has previously denied a motion which, if granted, would have been dispositive, when that motion was likewise asserted after remand. Plaintiff's Response Brief at 1-2, citing *Morris v. CBS Corporation*), No. 94-C-216 (E.D.

Wis., July 28, 2013). However, as pointed out in plaintiff's own brief, that motion sought additional remedies, as well, such as allowing extra time to conduct expert discovery, to conduct additional fact discovery, and to file additional, subsequent case-dispositive motions, presumably based upon that new, additional phase of discovery. See Plaintiff's Response Brief at 1. In the present case, however, there is no additional discovery needed to resolve anything as it relates to John Crane Inc. There is simply *no* evidence, nor even a prior *identification*, of John Crane Inc. as a potentially viable defendant.

Local Rule 41(c) indicates that "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice." As stated in defendant's initial brief, it may certainly be said that plaintiff has diligently prosecuted an action against the sole party it is pursuing, defendant CBS. However, plaintiff has not even attempted to prosecute an action against John Crane Inc. There is no need to burden the court or defendant John Crane Inc. by needlessly keeping John Crane Inc. in the action. As a consequence, the claims against John Crane Inc. should be dismissed with prejudice, with the case being allowed to go forward against the sole party against which plaintiff is seeking to establish liability; CBS

Dated this 22nd day of April, 2015.

          **JARDINE LAW OFFICE LLC**
          Attorneys for Defendant John Crane Inc.

By:    s/ Daniel G. Jardine
       119 S. Main St.
       DeForest, WI 53532
       (608) 846-7230
       (608) 846-7232 (fax)

**Certificate of Service**

I hereby certify that on April 22, 2015, I electronically filed the foregoing Reply Brief with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I hereby certify that there are no non-ECF participants, and thus I have not mailed the documents to anyone.

/s/ Daniel G. Jardine